

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 07 C 1673 |
| THE WACKENHUT CORPORATION, | ) ) ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff, Service Employees International Union Local 1, brought suit against defendant, The Wackenhut Corporation, under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to enforce the award of an arbitrator and to compel defendant to participate in further arbitration to resolve issues concerning remedy. Defendant filed a motion to dismiss, arguing that pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure the court lacks subject matter jurisdiction. And, further, that the union failed to state a claim upon which relief can be granted (Rule 12(b)(6)). For reasons stated below, we deny defendant's motion.

### BACKGROUND

The following facts are taken from the complaint. On February 7, 2005, defendant terminated employee Carrie Messer. Messer was employed as a security guard and stationed at the Dresden Nuclear Power Plant operated by defendant's client Exelon Corporation. Plaintiff, on behalf of Messer, grieved her termination. Under Article 6 of the Collective Bargaining Agreement ("CBA"), between plaintiff and defendant, the parties advanced the grievance to arbitration. The arbitrator held a hearing and issued an opinion and award

sustaining the grievance. He ordered that defendant offer Messer reinstatement to her former or a substantially equivalent job, and to make her whole for any lost wages and benefits.

## DISCUSSION

We first address the motion under Rule 12(b)(1) because subject matter jurisdiction is the initial issue in every federal suit. Lear Corp. v. Holdings Ltd., 353 F.3d 580, 582 (7th Cir. 2003). This is essentially a suit to enforce an arbitration award. Plaintiff's complaint alleges that defendant never complied with the arbitrator's award. Defendant argues that it did comply with the award and that there is nothing left for this court to enforce. Defendant's motion is not entirely clear, but as we understand it the defendant asserts that because there is nothing left to enforce there is no live case or controversy before this court.

Under Rule 12(b)(1) we accept the complaint's well-pleaded factual allegations as true, including the references reasonably drawn from them. United Transp. Union v. Gateway W. Ry. Co., 78 F.3d 1208, 1210 (7th Cir. 1996). But the court may also consider additional evidentiary materials addressed to the jurisdictional question. Id. The following additional facts are taken from the defendant's motion. After the arbitrator issued his award, plaintiff and defendant agreed on a back pay amount. Defendant also ordered Messer to report for in-processing so that she could be reinstated. She reported as instructed, but Exelon declined to provide her unescorted plant access, and because she lacked the appropriate security clearance she could not return to work at Dresden.

Defendant contends that by agreeing to pay Messer for lost wages and offering her reinstatement, it has fulfilled the requirements of the arbitrator's award. It was Exelon, defendant argues, who prevented Messer from returning to her former position. But Exelon is not a party to the CBA, and the arbitrator cannot force Exelon to allow Messer unescorted

plant access. Thus, defendant contends that there is nothing left for this court to enforce and the matter is concluded. As support, defendant points to a provision in the CBA that provides for the termination of any employee who is denied unescorted site access (cplt., exh. A at 12, 14).

But defendant mischaracterizes the arbitrator's award and its own compliance with the award. The arbitrator ordered defendant to offer Messer "reinstatement to her former or substantially equivalent employment" (cplt., exh. C at 9). This raises the possibility that other, substantially equivalent employment could be found for Messer. Indeed the CBA anticipates such an outcome. It contains a provision that in the event that a client revokes an employee's plant access, defendant "agrees to take the requisite action(s) to attempt to locate alternative related employment for the affected Security Officer" (cplt., exh. A at 34). It is therefore appropriate for plaintiff to seek enforcement of the arbitrator's award and we have jurisdiction over such actions. *See, e.g.*, United Food & Commercial Workers Union AFL-CIO v. Pilgrim's Pride Corp., 193 F.3d 328, 331 (5th Cir. 1999).

We turn now to defendant's argument that plaintiff failed to state a claim upon which relief may be granted. Under Rule 12(b)(6) we accept the complaint's well-pleaded facts as true, including the inferences reasonably drawn from them. McMillan v. Collection Professionals, Inc., 455 F.3d 754, 758 (7th Cir. 2006); McDonald v. Household, Int'l, 425 F.3d 424, 425 (7th Cir. 2005). Complaints in federal court need only satisfy a notice pleading standard which requires that plaintiffs provide "fair notice" of their claims and that recovery be "plausible." Bell Atl. Co. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). See also Airborne Beepers & Video Co. v. AT&T Mobility LLC, No. 06-2949, 2007 WL 2406859, at *4 (7th Cir. Aug. 24, 2007).

The complaint in this case simply states that defendant failed to comply with the award of the arbitrator and seeks enforcement of that award. Defendant's motion contends that plaintiff misrepresents the facts and provides the court an alternative version of events, but at this stage we are bound to accept the allegations in the complaint as true. McMillan, 455 F.3d 758. Plaintiff's complaint is sufficient to provide defendant with notice of the claim and, as detailed above, recovery is plausible.

For the foregoing reasons, defendant's motion to dismiss is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

, 2007.